IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LARRY JOE MORGAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-635-Y |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Larry Joe Morgan, a state prisoner, against William Stephens, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for failure to exhaust state-court remedies.

I. Factual and Procedural History

On March 22, 2013, in the 396th Judicial District Court, Tarrant County, Texas, Case No. 1249395D, Petitioner was found guilty by a jury of aggravated assault with a deadly weapon, and the trial court assessed his punishment at twenty years' confinement. (Clerk's R. 94, ECF No. 16-3.) Petitioner appealed his conviction, but his appellate counsel filed an *Ander's* brief,

and the appellate court, finding no arguable grounds for appeal, affirmed his conviction. (Appellant's Br., ECF Nos. 16-29 & 16-30; Op. 2-3, ECF No. 16-34.) The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on September 17, 2014. (Resp't's Answer 2, ECF No. 17.) Petitioner has attached to this federal petition, a purported article 11.07 state post-conviction habeas application under article 11.07 of the Texas Code of Criminal Procedure, but no such application has been transmitted to the Texas Court of Criminal Appeals as of the date of this opinion and order. (Pet. Attach. entitled "Petition for Writ of Habeas Corpus," ECF No. 1; Resp't's Answer, Ex. A; ECF No. 17.) Petitioner filed this federal habeas petition on July 31, 2014, challenging his state-court conviction on four grounds. (Pet. 7-9, ECF No. 1.) Respondent has filed an answer alleging the petition should be dismissed without prejudice for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b). (Resp't's Answer 3-6, ECF No. 17.)

## II. Issues

Petitioner's claims are construed as follows:

(1) Evidence from the 911 callers shows he was the one being attacked;

(2) State's witness Terri Carrol's testimony was conflicting and she lied on the stand;

(3) State's witness Anthony Moore's statement was only partly true; and

>     (4) His trial counsel was in collusion with the prosecution.

(Pet. 7-8, ECF No. 1.)

In his *pro se* response to counsel's *Ander's* brief on direct appeal, Petitioner listed the following "Errors and Grounds":

1. Conspiracy.
2. Tampering, Fabricating, Changing or Altering Official Governmental Transcripts, Photos, and Medical records.
3. Prosecutorial Vindictiveness.
4. Prosecutor Misconduct.
5. Ineffective Trial Counsel Assistant [sic].
6. Ineffective Appeal Counsel Assistant [sic].
7. Aggravated Perjury.
8. Conflict of Interest.
9. Organized Crime.
10. Insider-trading.
11. Collusion.
12. Constitution Violation.
13. Concealment.

(Anders Resp. 5, ECF No. 16-31.)

In his petition for discretionary review (PDR) filed in the Texas Court of Criminal Appeals, Petitioner raised two primary grounds for review:

GROUNDS FOR REVIEW NO. ONE

>     It was a sheetrock knife no one saw me cut the victim, the victim['s] girlfriend clearly said on the 911 audio that she was just getting there from work. The state victim first told doctors he was attacked by a man with a machete.

GROUNDS FOR REVIEW NO. TWO

>     There is no blood on my sheetrock knife. The doctor testified in court that my sheetrock knife could not have done what we saw during trial on pictures.

(Orig. PDR, Table of Contents, ii(b), ECF No. 16-37.)

3

Petitioner elaborated by providing several lists:

<u>GROUNDS FOR REVIEW</u>

I.

1. Ineffective Trial Counselor.
2. Ineffective Appeal Counselor.
3. Prosecutorial Vindictiveness.
4. Prosecutorial Misconduct.
5. Conspiracy.
6. Collusion.
7. Only being allowed 4 hours and 45 min to do my Anders Brief response before they took the files.

II.

1. Aggravated Perjury.
2. Conflicting Testimonies.
3. Sentencing Phase.
4. What Michael Conner told Doctors on arrival [sic] to hospital.
5. What Michael Conner told Grand Jury.
6. What Michael Conner said how he believe he got cut during Trial.
7. My rights was [sic] Violated I did not get my Due Process.

[I]

#1   There were [sic] no blood on my sheetrock knife.
#2   My attorney said to me he believe[d] when they knock[ed] me out someone else attacked Michael Conner.
#3   There were [sic] a big different [sic] between the blood time frame were [sic] I was knocked out at is much darker than were [sic] the state victim said I chase[d] him that blood looks much fresher.
#4   Someone put blood dropping inside my SUV.
#5   Herschel Sadler was not the guy who stab[b]ed me[.] [H]e[']s an imposter[.] I remember how the guy looks who stabbed me.
#6   Terri Carrol[,] Michael Conner[']s girlfriend[,] had conflicting testimonies.
#7   My motions for substitution of appeal counsel.

II.

4

```
#1   No DNA testing was done.
#2   Officer Salazar was never recall[ed] to testify
     again after bond reduction hearing.
#3   Only a piece of one 911 CD disc was played of five.
#4   Michael Conner first said he were [sic] chase[d]
     and cut by a man with a machete.
#5   Michael Conner told the grand jury secondly a crazy
     man came from nowhere and start cutting him.
#6   Michael Conner said during trial he bear hug me and
     we fell to the ground rolling[.] [T]hat[']s how he
     believe[s] he got cut.

     . . .
```

(*Id.*, Grounds for Review, 3(a)-(b), ECF No. 16-37.)

And, finally,

```
#1   If I cut Michael Conner with my sheetrock knife who
     wash[ed] the blood off my sheetrock knife while I
     was unconscious?
#2   There is no sign of blood on my sheetrock knife in
     any of the crime scene pictures?
#3   Why DNA testing was not done?
#4   Why Michael Conner was not charge[d] with perjury?
#5   "Why Terri Carrol was not charge[d] with perjury?
#6   "Why the five 911 audio discs was [sic] not played?
#7   After three motions in a tim[e]ly manner for
     substitution of counselor why the judge did not
     hear me are [sic] allow me to continue pro se?
#8   I file[d] a motion of discovery why my trial
     attorney did not enforce it?
#9   I filed subpoenas duces tecum why my appeal
     attorney did not enforce them?
#10  What happen[ed] to my right to do [sic] process?
#11  Why the 911 callers [not] subpoena[ed] to testify?
#12  Why was [sic] the witnesses not impeach[ed]?
#13  Why [were] both my trial and appeal attorneys in
     collusion with the prosecutors?"
```

(*Id.*, "Argument Number One" 4, ECF No. 16-37.)

Petitioner failed to set forth the factual basis for, or separately brief, his claims in the PDR.

5

III. Exhaustion of State Court Remedies

Applicants seeking habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[1]; *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest criminal court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review and/or a

---

[1]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

>    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>         (A) the applicant has exhausted the remedies available in the courts of the State; or
>         (B)(i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>                    .   .   .
>
>    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

postconviction habeas-corpus application pursuant to article 11.07 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

Respondent correctly asserts that the claims raised in this federal petition have not been properly exhausted. Petitioner has not adequately stated and developed his claims in state court. Moreover, under state law, an ineffective-assistance-of-counsel claim typically cannot be raised on direct appeal but must be raised in an initial postconviction habeas proceeding. Recourse for Petitioner's claims is still available. Consequently, Petitioner must first pursue his state-court remedies, *via* a state habeas application under article 11.07, through to completion before seeking relief under § 2254. Absent a showing that no state "corrective process" is available to Petitioner or that such process is somehow rendered ineffective by the circumstances of his case, Petitioner cannot now proceed in federal court in habeas corpus. 28 U.S.C. § 2254(b)(1)(B). Accordingly, dismissal of this petition for lack of exhaustion is warranted so that Petitioner can fully exhaust his state-court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[2]

---

[2] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, subject to applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

7

III.  Conclusion

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without prejudice for failure to exhaust state-court remedies and DENIES a certificate of appealability.  Any motions not previously ruled upon are DENIED.

SIGNED March 9, 2015.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE